**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DANIEL GUTIERREZ,

      Plaintiff - Appellant,

  v.

P. HACKETT, Albuquerque Police
K-9 Officer;

      Defendant - Appellee,

THOMAS GARDUNO, Albuquerque
Police K-9 Sergeant; CITY OF
ALBUQUERQUE, New
Mexico,

      Defendants.

No. 04-2104
(D.C. No. CIV-02-582 MCA/ACT)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Daniel Gutierrez challenges the judgment entered on a jury verdict in favor of defendant Hackett, an Albuquerque police officer. Mr. Gutierrez claimed that Officer Hackett's use of a police dog to arrest him constituted excessive force in violation of the Fourth Amendment. He also named as defendants Officer Hackett's supervisor and the City of Albuquerque, but as a consequence of the verdict in Officer Hackett's favor, those claims did not go forward. Mr. Gutierrez's appeal is limited to issues pertaining to Officer Hackett. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

"When reviewing a jury verdict, we review the record in favor of the prevailing party, and give that party the benefit of all reasonable inferences to be drawn from the evidence." *Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1108 (10th Cir. 2005) (quotation and citation omitted). Under this standard, the record reveals the following facts.

In the early morning hours of May 28, 1999, April LaPierre awoke to loud shouting outside her home where she saw a man shouting and swearing while

-2-

trying to break into her automobile, which was parked in the driveway outside her bedroom window. She called the police. Several officers responded to a report of a felony in progress, including Officer Hackett with his police dog. Using their flashlights, the officers saw Mr. Gutierrez lying curled up on the passenger-side front seat of Ms. LaPierre's automobile, with his hands concealed under his body. The officers yelled loudly at Mr. Gutierrez several times, rocked the car, and pounded on the trunk lid, but he did not respond. Officer Hackett shouted three warnings that he would deploy his police dog unless Mr. Gutierrez came out of the car, but he still did not come out. Officer Hackett then sent the dog into the car to "bite and hold" Mr. Gutierrez. After a scuffle with the dog, he emerged, standing solidly on the sidewalk until he was forced to lie on the ground. As soon as Officer Hackett could see Mr. Gutierrez's hands, he called off the dog. Although Mr. Gutierrez claimed he was intoxicated at the time, the officers at the scene did not notice any signs of intoxication, nor did the officer who interviewed him later at the police station.

The officers believed Mr. Gutierrez could hear the shouted commands to come out of the car but he chose to ignore them. Mr. Gutierrez kept his hands hidden. An automobile provides numerous places to hide a weapon, thus making a suspect in a car potentially dangerous. In addition, the officers were wary of

Mr. Gutierrez's continued and obvious refusal to acknowledge their presence, despite the commotion they created to get his attention.

Claiming that use of the police dog constituted excessive force, Mr. Gutierrez filed suit under 42 U.S.C. § 1983. During the course of the litigation in the district court, a magistrate judge entered an oral order setting discovery deadlines, including November 15, 2002, as the cut-off for Mr. Gutierrez's expert witness reports. The written document memorializing the oral order was due from the parties on September 22, 2002, but was not entered on the district court docket until February 27, 2003, after the deadlines had passed. Although Mr. Gutierrez identified his expert witness in pretrial reports, he did not proffer his expert witness' written report, pursuant to Fed. R. Civ. P. 26(a)(2)(B), until April 14, 2003, five months after the due date. As a sanction for missing the deadline, the district court struck Mr. Gutierrez's expert witness. The district court also ruled inadmissible a videotape depicting an unrelated police dog incident (the "Drameeco Kindle" videotape).

The district court denied the parties' cross motions for summary judgment, ordered separate trials against Officer Hackett and the remaining defendants, and held a jury trial on Mr. Gutierrez's claims against Officer Hackett. Following the jury verdict against him, Mr. Gutierrez filed a motion for judgment as a matter of law, which was denied.

Mr. Gutierrez appeals, asserting that Officer Hackett's use of a police dog in these circumstances was constitutionally unreasonable as a matter of law. He appeals the district court's orders denying his motion for summary judgment and his post-trial motion, both of which argued he was entitled to a judgment as a matter of law. He also claims that the district court deprived him of a fair trial by permitting Officer Hackett to testify about his subjective fears of violence, by prohibiting or limiting testimony about alternatives involving less force than a police dog, and by excluding his expert witness and the "Drameeco Kindle" videotape.

*Excessive Force Claim*

By its verdict, the jury determined that Officer Hackett's use of the police dog was not unreasonable. Our review of a jury verdict "is limited to determining whether the record – viewed in the light most favorable to the prevailing party – contains substantial evidence to support the jury's decision." *Bangert Bros. Constr. Co. v. Kiewit W. Co.*, 310 F.3d 1278, 1292 (10th Cir. 2002) (quotation omitted). "Substantial evidence is something less than the weight of the evidence, and is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, even if different conclusions also might be supported by the evidence." *Webco Indus., Inc. v. Thermatool Corp.*, 278 F.3d 1120, 1128 (10th Cir. 2002) (quotation omitted).

A motion for judgment as a matter of law may be granted "only if the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion." *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1220 (10th Cir. 2005) (quotation omitted). In evaluating this question, neither the district court nor this court may weigh the evidence, determine the credibility of witnesses, or replace its assessment of the case for that of the jury. *Id.*

Claims that a law enforcement officer used excessive force during an arrest are analyzed under a reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). [1] The test of reasonableness is based on the totality of the circumstances, *United States v. Banks*, 540 U.S. 31, 36 (2003), considering such factors as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Jiron v. City of Lakewood*, 392 F.3d 410, 414-15 (10th Cir. 2004). There is no requirement that all of these criteria be satisfied before a use of force can be objectively reasonable. *Cf. Hinton v. City of Elwood*, 997 F.2d 774, 781 (10th Cir. 1993)

---

[1] We need not decide if the use of the police dog constituted deadly force. The parties do not argue that it did, so for the purposes of this order and judgment, we assume that use of a police dog is not deadly force. *See Marquez*, 399 F.3d at 1220 n.1.

(finding first two criteria not satisfied, but third strongly supported a finding that the use of force was objectively reasonable).

Mr. Gutierrez maintains that he was exhausted and intoxicated, asleep in an automobile that seemed familiar to him. He contends that there was no evidence that he had a weapon or that the situation presented anything other than an unarmed man asleep in a car. Therefore, according to Mr. Gutierrez, instructing the police dog to "bite and hold" him was constitutionally unreasonable as a matter of law. He further argues that even if the initial contact with the dog was reasonable, it was unreasonable as a matter of law for the dog to be commanded to continue to "bite and hold" while he refused to emerge from the car.

Mr. Gutierrez asks us to view the situation "with the 20/20 vision of hindsight," which we cannot do. *Graham*, 490 U.S. at 396. Rather, "[a] court assesses the reasonableness of an officer's conduct from the perspective of a reasonable officer on the scene, acknowledging that the officer may be forced to make split-second judgments in certain difficult circumstances." *Marquez*, 399 F.3d at 1220 (quotation omitted). Moreover, "[i]f an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, . . . the officer would be justified in using more force than in fact was needed." *Saucier v. Katz*, 533 U.S. 194, 205 (2001).

When viewed from the perspective of a reasonable officer on the scene, and in the light most favorable to Officer Hackett, the situation presented a man who had broken into an automobile in the middle of the night, who would not respond to any of the officers' repeated demands to emerge, and who kept his hands hidden in such a manner as to conceal a weapon. As soon as he revealed his hands to the officers, the police dog was called off. The jury determined that under these circumstances, Officer Hackett did not use constitutionally unreasonable force, and we determine that the record contains substantial evidence to support the verdict.

*Challenges to Testimonial Rulings*

Mr. Gutierrez asserts that the district court committed reversible error by permitting the officers to testify about their perceptions of the situation, particularly their fear that he had a weapon based on the fact that he kept his hands out of view. Mr. Gutierrez argues that this testimony informed the jury of the officers' subjective fears of violence, in violation of the rule that "the 'reasonableness' inquiry in an excessive force case is an objective one." *Graham*, 490 U.S. at 397.

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene . . . ." *Id.* at 396. We hold that the challenged testimony was relevant and admissible to show the circumstances

-8-

facing Officer Hackett at the scene. Accordingly, the district court did not abuse its discretion in admitting this testimony. *See Marquez*, 399 F.3d at 1222 (reviewing district court's evidentiary rulings for abuse of discretion).

Mr. Gutierrez also complains that the district court did not permit him to introduce evidence of alternatives involving less force than use of a police dog. Although he concedes that he was permitted to adduce some evidence on this point, we need not decide whether he was given sufficient opportunity to do so, because the district court did not abuse its discretion in excluding the evidence. *See id.* at 1222 (holding no abuse of discretion in excluding testimony on least intrusive amount of force). "[T]he Fourth Amendment does not require [police] to use the least intrusive means in the course of a detention, only reasonable ones." *Id.* (quotation omitted). Accordingly, even if the jury found that Officer Hackett used more force than necessary, it "could nonetheless find he acted reasonably," *id.*

*Exclusion of Expert Witness and Videotape*

Finally, Mr. Gutierrez claims that the district court erred in excluding his expert witness and the "Drameeco Kindle" videotape. He argues that he named his expert early in the discovery phase, the expert's report was filed more than six months before trial, and Officer Hackett was not prejudiced by the delay in providing the report because the expert had testified in a similar case brought

against the City of Albuquerque. It is undisputed that the expert's statement of opinions was not filed until five months after the discovery deadline. The district court ruled that Mr. Gutierrez would not be permitted to call his expert witness at the trial against Officer Hackett because he had missed the deadline for filing the expert's report.

Expert reports must "contain a complete statement of all opinions to be expressed." Fed. R. Civ. P. 26(a)(2)(B). "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any . . . information not so disclosed." Fed. R. Civ. P. 37(c)(1). The district court has broad discretion to decide if a Rule 26(a) violation is justified or is harmless. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). No explicit findings on this issue are required, and the court should consider: (1) whether the other party will be prejudiced, (2) the ability to cure any prejudice, (3) whether allowing the evidence would disrupt the trial, and (4) the violator's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

In this case, it is clear that the district court's decision to exclude Mr. Gutierrez's expert due to the Rule 26(a) violation was based on the appropriate considerations. The court explained that allowing the evidence would

-10-

unfairly prejudice Officer Hackett, and rejected Mr. Gutierrez's argument that the expert's opinion was already known to the defendants, because neither Officer Hackett nor his attorney had participated in the earlier litigation. In addition, the court found the expert's testimony in the case against Officer Hackett (as opposed to the claims against the City and the supervisor) to be of limited relevance on the issue of individual liability. We have carefully reviewed the ruling in the context of the record, and we find no abuse of discretion in excluding Mr. Gutierrez's expert witness.

As for the ruling excluding the videotape, Mr. Gutierrez argues on appeal that allowing the jury to view it would have demonstrated generally how a suspect could be expected to react to being apprehended by a police dog, even though it had nothing to do with the situation presented here. The district court sustained the objection to the videotape on the ground that it was irrelevant to the case before the jury. "Because a trial court has broad discretion to determine whether evidence is relevant and to exclude irrelevant evidence, we review the district court's decision to exclude [the videotape] for an abuse of discretion." *Garcia-Martinez v. City & County of Denver*, 392 F.3d 1187, 1193 (10th Cir. 2004) (quotation omitted). We hold that the district court did not abuse its

discretion in excluding on relevancy grounds the videotape showing the use of a police dog in a situation unrelated and dissimilar to the one before the jury.

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge